This matter had been appealed by defendant to the Court of Appeals from the Full Commission's 17 May 1995 Opinion and Award affirming the prior decision of Deputy Commissioner Lawrence B. Shuping, Jr., which awarded continuing temporary total disability benefits to plaintiff.
The primary issue on appeal, as identified by the Court of Appeals, was whether an employee, who is admittedly disabled as the result of a compensable injury and is provided with light duty employment by the employer, constructively refuses the light duty work and forfeits workers' compensation benefits for such disability pursuant to the statute, upon termination of the employment for fault or misconduct unrelated to the compensable injury. Noting that this was an issue of first impression in North Carolina and that the Commission had failed to determine whether plaintiff's conduct amounted to misconduct which would have ordinarily resulted in defendant's termination of a non-disabled employee, the court adopted the test used in Colorado.
Applying Colorado's rule, the court held that under the facts of this case, plaintiff's termination for alleged misconduct or fault does not automatically constitute a constructive refusal to accept employment so as to bar her from receiving benefits. The test in North Carolina is now whether plaintiff's loss, or diminution in, wages is in fact attributable to the alleged misconduct resulting in her termination or whether it is due to plaintiff's work related disability.
In order to determine this and other issues raised in the court's decision, the Full Commission hereby ORDERS that this matter is REMANDED to Deputy Commissioner George T. Glenn, II for proper disposition in his region. Upon remand, the Deputy Commissioner shall decide all issues presented, including the following: (1) Whether plaintiff is capable of finding and holding employment after she reached maximum medical improvement on 13 July 1994 by granting defendant's Motion for New Evidence and the taking thereof; (2) Whether the employee was in fact terminated for misconduct or fault for which a non-disabled employee would ordinarily have been terminated; and (3) If the preceding issue is answered affirmatively, whether plaintiff's continued inability to find or hold other employment of any kind or other employment at a wage comparable to that earned prior to her injury, is due to her compensable carpal tunnel syndrome disability and/or related surgery.
Upon determination of the above and any other issues presented, the Deputy Commissioner shall ultimately determine whether or not plaintiff is entitled to benefits under the Act.
No additional costs are assessed.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER